IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES LARRY HUNNICUTT, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | |
| § | No. 3:14-cv-885-G-BN |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Charles Larry Hunnicutt, a Texas prisoner, has filed a 28 U.S.C. § 2254 habeas application. For the reasons stated herein, Petitioner's habeas application should be denied.

**Background**

Petitioner was charged with three counts of aggravated sexual assault of a child. He entered a plea of guilty to each of the three counts pursuant to a plea agreement and judicial confession. He was sentenced to three concurrent terms of 20 years' imprisonment. *See State v. Hunnicutt*, F–09–61782–T; F–09–61783–T; & F–09–61784–T (283rd Judicial District Court, Dallas County Texas, September 7, 2010). This action, which involves a challenge to a prison disciplinary proceeding, was severed from a previous habeas case in which Petitioner sought to challenge his convictions. *See* Dkt. No. 1.

While incarcerated, Petitioner was found guilty of violating prison disciplinary rules by refusing a prison housing assignment. *See* Dkt. No. 4 at 5. Punishment was assessed at the loss of recreation privileges for 30 days, cell restriction for 30 days, loss of 15 days of good time credit, and 15 days of solitary confinement. *See id.*

Petitioner challenged the results of the disciplinary hearing through the two-step prison grievance process. His grievances were denied.

Petitioner then filed this action in federal court, alleging that he was denied due process in the disciplinary hearing because perjured testimony was used against him and because he was denied the right to call witnesses. *See id.* at 8.

## Legal Standards

The due process rights of prisoners are generally limited to freedom of restraints that "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). Restrictions that alter only the conditions of confinement do not implicate due process. *See Malchi v. Thaler,* 211 F.3d 953, 958 (5th Cir. 2000) (reduction of time-earning status, loss of commissary privileges, and cell restrictions do not implicate due process); *see also Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997) (same as to commissary and cell restrictions).

A prisoner has a protected liberty interest in the loss of accrued good time only if he is eligible for release to mandatory supervision. *See Malchi,* 211 F.3d at 957-58. When a prisoner has a protected liberty interest in the loss of accrued good time credit,

the revocation of that credit must comply with minimal procedural due process. *See Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *see also Wolff v. McDonnell,* 418 U.S. 539, 557 (1974) (prisoners are entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated"). These minimal requirements are: (1) written notice of the alleged disciplinary violation at least 24 hours prior to a hearing; (2) the ability to call witnesses and present documentary evidence when not unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the hearing officer as to the evidence relied on and the reasons for any disciplinary action taken. *See Wolff*, 418 U.S. at 564-67.

Federal habeas review of the sufficiency of the evidence to support a disciplinary conviction is extremely limited. Due process requires only "some evidence to support the findings made in the disciplinary hearing." *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 457 (1985); *see Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir. Unit A Oct. 1981) (court must determine whether "any evidence at all" supports disciplinary action taken by prison officials); *Van v. Johnson,* No. 3:00-cv-2024-D, 2001 WL 741724, at *2 (N.D. Tex. May 21, 2001), *rec. adopted,* 2001 WL 720504 (N.D. Tex. June 21, 2001).

## Analysis

Petitioner's claims regarding his loss of commissary privileges, temporary cell restriction, and 15 days of solitary confinement do not allege a constitutional violation. That is, these punishments do not implicate due process. *See Malchi,* 211 F.3d at 958; *see also Madison,* 104 F.3d at 768.

And Petitioner concedes that he is not eligible for mandatory supervised release. *See* Dkt. No. 4 at 5. Petitioner therefore has no constitutionally protected liberty interest at stake. *See Madison,* 104 F.3d at 769 (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where good time credits are forfeited in a disciplinary action against an inmate who is eligible for mandatory supervised release). Absent such a liberty interest, due process does not attach to a prison disciplinary proceeding.

## Recommendation

Petitioner's application for writ of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 19, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE